good until the debt is paid. Davis evidently realized this, and, not being in a position to fully discharge such duty, procured the defendant (for a valid consideration) to do it in part for him. At the time of the assignment to Cornell it is fairly inferable that he (Cornell) hoped to realize a much larger return upon the amount to be advanced in payment of premiums than he now can secure out of the proceeds, but this is his misfortune, and cannot be allowed to affect the status of the parties. If the assignor had retained his residuary interest, and plaintiff had allowed him to make payments, in whole or in part, of premiums, it could not be justly held that, from such circumstance, plaintiff would be adjudged to have waived his lien, and defendant's position can assuredly be no better than that of his assignor. The decision (Dayton v. H. B. Claflin Co., 19 App. Div. 120, 45 N. Y. Supp. 1005) cited upon defendant's brief rests altogether upon a different state of facts, and is not applicable to this case. It is clear from the letters written by plaintiff that on a number of occasions he (plaintiff) proposed disposing of his interest in the policy to Cornell for a far less sum than that which he now demands, but a mere offer to dispose of an interest cannot be construed into a waiver thereof. If Mr. Cornell realized how rapidly the interest was accumulating upon the prior claim, he probably would have accepted the offer or declined to further contribute, except upon a new agreement; but he did neither of those things, and his interest at the maturity of the policy was the same as he had at the time of the assignment, to wit, the assignor's residuary interest in the policy after satisfying the debt as security for the payment of which it was primarily pledged. There was some evidence taken upon the trial, subject to defendant's exception, relating to the question of notice, but, disregarding this testimony, there is ample proof of notice to Mr. Cornell. It follows that plaintiff must have judgment as demanded, but, under the circumstances, without cost or allowances.

Judgment for plaintiff, without costs.

_____

(33 Misc. Rep. 728.)

### O'CONNOR v. UNION RY. CO.

(Supreme Court, Special Term, New York County. January, 1901.)

COSTS—STATUTES—DEATH—NOMINAL DAMAGES.

> Code Civ. Proc. § 3228, subd. 3, declares that a plaintiff shall be entitled to costs on the rendering of judgment in his favor in any action under subdivision 3 of section 2863, but declares that in certain actions, not including one under section 1902, if plaintiff's damages do not exceed $50 his costs shall not exceed his damages; and subdivision 4 declares that, in an action for a sum of money only, other than the actions specified in the previous subdivisions, plaintiff shall not be entitled to costs unless he recover over $50. An action for death, under section 1902, is one of the actions mentioned in section 2863, subd. 3. *Held*, that in an action under section 1902 it was improper to refuse to allow plaintiff a full bill of costs because she only recovered nominal damages.

Action by Bridget O'Connor against the Union Railway Company. From the clerk's refusal to tax costs in favor of plaintiff, she appeals. Taxation of full bill of costs ordered.

Baggott & Ryall, for appellant.
Hoadly, Lauterbach & Johnson, for respondent.

TRUAX, J.　This is an action to recover damages for causing death by negligence.　On the trial plaintiff recovered but six cents damages, and therefore the clerk refused to tax costs in favor of the plaintiff, and taxed a full bill of costs against the plaintiff.　From this action of the clerk the plaintiff appeals.

Plaintiff is entitled to costs upon the rendering of a judgment in his favor in an action of this kind, by the express terms of subdivision 3 of section 3228 of the Code of Civil Procedure.　By the terms of that subdivision, however, if plaintiff recovers less than $50 damages in an action to recover for an assault, battery, false imprisonment, slander, criminal conversation, seduction, or malicious prosecution, or a fine or penalty, in which the people of the state are a party, the amount of his costs cannot exceed his damages.　These exceptions (except the one relating to a fine or penalty) are referred to in the third subdivision of section 2863, which limits the jurisdiction of a justice of the peace in certain cases.　This last subdivision (3) also excepts an action brought under section 1902 of the Code, under which section this action was brought.　Now, if it was intended to except an action of this kind, it would have been mentioned in subdivision 3 of section 3228, along with the other exceptions mentioned in that section.　Subdivision 4 of section 3228 provides, in effect, that in an action to recover a sum of money only, other than one of those specified in subdivisions 1, 2, and 3 of that section, plaintiff shall not recover costs unless he recovers the sum of $50 or more. The defendant is entitled to costs in actions specified in section 3228 only when plaintiff is not entitled to them.　The action of the clerk is overruled, and he is directed to tax a full bill of costs for plaintiff.

Ordered accordingly.